TURCAS & AL.
*vs.*
LEGLISE.

*TURCAS & AL* vs. *LEGLISE.*

APPEAL from the court of the parish and city of New-Orleans.

To the forma-
tion of a *con-
curso* three cre-
ditors are neces-
sary, but it is
not necessary
they should be
present at the
meeting.
The insolvent
may be appoint-
ed syndic.

PORTER, J., delivered the opinion of the court. This case comes up without statement of facts, bills of exceptions, &c. but errors are assigned, as being apparent on the face of the record. They are:

1st. That only two creditors met and voted for the appellee as syndic, when the meeting should have been composed of at least three to render the proceedings valid.

2d. That the insolvent was improperly appointed syndic, as that trust can only be confided to a creditor of the estate.

3d. That a man cannot be his own creditor.

We have no difficulty in giving our assent to the last position, but we cannot accede to the first and second.

I. The authority relied on by the appellants counsel, does not support the position assumed. The author does not state that three persons are required to form a meeting of creditors. He says the insolvent must

be indebted to three persons at least, and must name them in his bilan in order to form a *concurso*; which is very different from declaring the proceedings void, unless more than two out of a greater number attend, and vote for syndics. In the present case, the appellants are placed in a dilemma, fatal to this objection. If they are not creditors, they have no right to appeal. If they are, the insolvent had more than the number required by law. *Feb. lib.* 3, *cap.* 3, §1, *no.* 16.

East'n. District.
*May*, 1826.

TURCAS & AL.
*vs.*
LEGLISE

II. We are also of opinion, the second objection has not been sustained. There was nothing in the law previous to the passage of that article in the code on which the appellant relies, that prohibited creditors from appointing as syndic the insolvent himself; and that article in declaring that they may appoint as syndic one among themselves, cannot be considered as repealing former provisions from which it differs, but to which it is not contrary. The enactment that creditors may appoint particular persons, can well stand with the ancient laws that they might appoint them and others. This construction is strengthened by the consideration that since the passage of the general provision in our for-

East'n. District.
May, 1826.

TURCAS & AL.
vs.
LEGLISE.

mer code, the legislature in acting specially on the subject of insolvency, have affixed no limits to the choice, and in the late revision of that work, they have stricken out the words on which the appellant relies. *Salgado Lab. Credit. Concurs. part.* 1, *cap.* 13 ; *Feb. lib.* 3, *cap.* 3, §1, *no.* 26 ; *Civil Code,* 84 *art.* 34 ; *Acts of* 1817, 130 *and* 132, *sec.* 10 *and* 14 ; *Louisiana Code, art.* 417.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Seghers* for the plaintiffs, *Ripley* for the defendant.